UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re: §
 §
Lawrence James Pearson § Case No. 16-25919
Angela Marie Pearson §
 §
    Debtors §

## NOTICE OF TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that CINDY M. JOHNSON, TRUSTEE, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
219 S. Dearborn Street
Chicago, IL  60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:00 AM on 05/03/2019 in Courtroom ,
Second Floor
Joliet City Hall Building
150 West Jefferson Street
Joliet, IL 60432

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 03/27/2019                        By: /s/ Cindy M. Johnson
                                                    Chapter 7 Trustee


*Cindy M. Johnson, Trustee*
*140 S. Dearborn St.*
*Suite 1510*
*Chicago, IL 60603*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In Re: | § | |
| --- | --- | --- |
| | § | |
| Lawrence James Pearson | § | Case No. 16-25919 |
| Angela Marie Pearson | § | |
| | § | |
| Debtors | § | |

SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION

| | | |
| --- | --- | --- |
| The Final Report shows receipts of | $ | 1,432.88 |
| and approved disbursements of | $ | 170.51 |
| leaving a balance on hand of[1] | $ | 1,262.37 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
| --- | --- | --- | --- |
| Trustee Fees: Cindy M. Johnson | $ 358.22 | $ 0.00 | $ 358.22 |
| Trustee Expenses: Cindy M. Johnson | $ 0.50 | $ 0.00 | $ 0.50 |
| Total to be paid for chapter 7 administrative expenses | | $ | 358.72 |
| Remaining Balance | | $ | 903.65 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 8,201.56 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Internal Revenue Service | $ 8,201.56 | $ 0.00 | $ 903.65 |
| | Total to be paid to priority creditors | | | $ 903.65 |
| | Remaining Balance | | | $ 0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 18,818.21 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank | $ 5,329.34 | $ 0.00 | $ 0.00 |
| 3 | Quantum3 Group Llc As Agent For | $ 392.62 | $ 0.00 | $ 0.00 |
| 4 | Wells Fargo Bank, N.A. | $ 11,424.92 | $ 0.00 | $ 0.00 |
| 5 | Navient Solutions, Llc. | $ 1,573.10 | $ 0.00 | $ 0.00 |
| 6 | Verizon | $ 98.23 | $ 0.00 | $ 0.00 |
| | Total to be paid to timely general unsecured creditors | | | $ 0.00 |
| | Remaining Balance | | | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 1,260.75 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 2a | Internal Revenue Service | $ 1,260.75 | $ 0.00 | $ 0.00 |

Total to be paid to subordinated unsecured creditors        $ 0.00

Remaining Balance        $ 0.00

Prepared By: /s/ Cindy M. Johnson
Chapter 7 Trustee

*Cindy M. Johnson, Trustee*
*140 S. Dearborn St.*
*Suite 1510*
*Chicago, IL 60603*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.